We have one case on the calendar for this afternoon for this special session. That is Zhang versus Zhang. Counsel, I'm told, are all present. So the argument will proceed with Mr. Yan. Mr. Yan, you have reserved three minutes, have you? I have. Okay. Just give me one second. Why don't you—you can come on up. Thank you. Thanks. Okay, Mr. Yan, you may proceed. Thank you. May I please report, without any honor, by name and date of the honor, present, plaintiffs, and myself in this appeal. This report appeals to the discretion in awarding alternative ways to defendants and their counsel. First, the appearance and the work of the plaintiff's counsel in the second trial was inherent to client representation. On May 10, 2018, plaintiffs made a motion, a Rule 54c motion, in order to end the judgment against the culprit defendant at the time the culprit defendant was insolvent. The issue in the second trial, whether the defendant, Beiyang Zhang, was plaintiff's employer, only matters if the culprit defendant was insolvent. If plaintiff could collect judgment against the culprit defendant, plaintiff did not really have to go to the second trial. However, the plaintiff knew that defendants, their witnesses, and counsel said that it was very complicated scheme to take out the culprit's income, assets, from the culprit defendant to get solely on the plaintiff's to defraud plaintiff as creditors in order to deliver active judgment to plaintiffs. Well, can I interrupt for a second? I guess maybe a more fundamental question is, first of all, whether this appeal has been timely made. And so the judge issued her ruling on fees, which, because of the nature of that ruling, then triggers the 30 days in which an appeal has to be brought. And the appeal was not brought within that 30 days. And so why is this a timely appeal, in your view, and not untimely and, therefore, an appeal over which we don't have jurisdiction? Your Honor, that's because under 21-17-28, the time that the court resolved this issue, actually sent back the fees back to the district court, so that the district court can refine the decision. And seeing that the plaintiff in my office can request a court to review that case for ruling. But that doesn't have anything to do with whether or not it was timely. We didn't rule on that question at the earlier time on remand, right? At the time, no. All right. So tell us whether this is a timely appeal or not. There was a final judgment on the timing fees. I'm sorry, I didn't hear you. There was a final judgment. The appeal was timely based on the 30 days of final judgment. Even as the district court's opinion allowed the timely fees to award to the defendants. First of all, there was, in my motion to the district court, I asked the court to consider whether or not to allow the defendant to challenge the conditions. At the time, there was an e-mail sent to my account, to the g-mail. I'm not following you. The order was entered on March 26th, correct? Yes. Now, then there was a judgment on May 4th. But Federal Rule of Civil Procedure 58A does not seem to have required a separate judgment for this order. Or am I wrong? Help me out. Ordinarily, that's true, saying that that does not require a separate judgment. However, this case was properly appealed before. Although it was not mature at the time in the first appeal because the final numbers of the timely fees had not been decided at the time. So that's why, in the same case, in the 21-13-28, this court sent a case back to the district court, the timely district court, to decide the fees amount so that this court would have the proper numbers to decide whether or not that's the case. Are you relying on the judgment date for the appeal on this issue? I guess that's the question. Your notice of appeal was more than 30 days from the sanctions order. It's within 30 days of the judgment. And are you relying on the judgment date, or is there some other argument that you have as to why your appeal is timely? First of all, I rely on the judgment date. Also, we believe that the district court should allow the plaintiff to change the district division even if there was no need for separate order or judgment. Well, the Seventh Circuit has held that you must appeal within 30 days of the order with no separate judgment required. Should we follow that rule? Should we apply a different rule? The Seventh Circuit has a different rule. In this case, it's different from other matters. Because other matters, they never appeal the court's sanctions order until final decision. In this case, the plaintiff appealed the sanctions order in the first instance. The court resolved the decision in the first appeal because the final number was not decided. So the court sent back the case to the district court for the district court to give the final numbers. So that's the deal. Let's do this. Why don't you assume – let's assume that the appeal is timely. Why should the sanctions order be reversed? I have four points in order. First, my appearance at the walking appendix in the second trial was inherent to the transparent application. Second, the sanctions are cumulative, not ten times a century. Ten sanctions are not appropriately calibrated to the vulnerable state of the plaintiff's counsel. Because the large size, almost six to eight thousand dollars, it's diminished in nature. But, I mean, how can you say it's punitive when the award was designed to compensate defense counsel for the cost of trying the case again? Isn't that, by definition, compensatory? Let's go back to my second point. Second trial, because the issue of the second trial is whether the illegal defendant, Liang Zhang, was plaintiff in court. This issue only matters if the culprit defendant is insolvent. If the culprit defendant is insolvent, the plaintiff does not have to go to the second trial because they could have got a punitive against the culprit defendant. How is that relevant to the question of sanctions? It's a representation. The counsel is saying that, the case the counsel is talking about, if the public sanction, his representation of work in that matter, was inherent to the client's representations, then the counsel is saying that you have to find out whether or not the client is acting in a bad place or in a misconduct nature in order to allow sanctions. In this case, there was a bad case found. And the representation in the second trial was for the client's representation because if he acted in a way that the plaintiff would have to go to the second trial because they have no options, the judge could not enter against the culprit defendant when the culprit defendant was solvent. And we have to go to the second trial to find the culprit defendant liable so that they could collect on this issue. But even if we thought that might have been a problem with respect to your client, I don't see how it mitigates the conduct by counsel that the district court was sanctioning. On the other hand, we would see, because there's a Luke 60 B3, Luke 60 B6, the district court should consider whether or not defendants, their witnesses, and also their counsel can be brought on court and also plaintiffs. But how does that mitigate your conduct that the district court was sanctioning? I mean, that might be something the district court would have been very concerned with if the second trial had gone the other way. But I don't see how it's probative at all of whether your conduct in requiring a second trial is somehow excusable. Since the trial, actually, the plaintiff was a defendant. The defendants, their witnesses, with all the material information from the plaintiff, their witnesses actually were interest witnesses. That does not necessarily mean interest witness was not credited. However— Well, that might go to an appeal of the judgment at the second trial, but that's not what's before the court. At the time, we did not know the defendant witness or interest witness until October 2019. The plaintiff came to me providing information. They had all the material information for us. I did not really know. In October 2019, the first appeal was already underway. There was no way we could put it back on the first appeal. At the time, we could have made the new CTP motion to relieve the judgment. However, the court has already reviewed the first appeal. We did not have the information whether their witness had interest witness. Their witness had a financial stake in the defendant's business, corporate defendant. And if you see—that's in the brief. If you see defendants and their witnesses, they set up a very sophisticated scheme to make the corporate defendant insolvent. However, it's not really—the matter is witness had a financial interest in the defendant's business. And have they ever disclosed that information to the plaintiffs? We could have argued that. That the witness probably paid or bought by defendants to say whatever they want to say. That's why their testimony in the second trial was so different from their positions when they testified on the oath in the deputation. Their testimony in the first trial, somehow that's different in the deputation transcripts. And plaintiffs got a private opportunity to argue in the second trial. Anyhow, still come back to the—my opinion on what were the plaintiffs in the second trial. Under the Souser Doctrine, that's for the—it was for—it was intended to transfer temptation because it was plaintiff's decision to go to the second trial. And for the first—and also defense counsel's motion to set aside jury verdict of October 8 to April 20, 2018, was proven wrong because it took forward with a motion. It was to set a jury verdict against corporate defendant. Under the plaintiff, it was based on Rule 59. Defense counsel's motion was based on the 61. And it was too smart a motion by district court to set aside jury verdict. When we exposed defendants and their witnesses, they withheld material information from plaintiffs. District court could have too smart a motion to relieve the detainment because it was based on Rule 683. And your Honor, our jury system relies on the litigant to tell the truth. The draw upon the court and also upon the defendant seriously affects integrity of normal process of judications. And it's not—you normally see—you type out the litigations. If they only set a scheme to transfer—to make the corporate defendant insolvent, that's nonsense. In this case, the witness was part of a scheme and avoided violation of interest stakes in the defendant's corporate entities. Before the second trial, maybe the first trial, we don't know the details whether or not the defendant paid their witness. They sent another corporate entity, Sun Qiang, U.S.A. Sun Royce, U.S.A., R.N.C., before the second trial. And have the defendant's witness—defendant's witness wife and the young person to hold the stake. Then transfer all the corporate assets, properties, to the new entities to make the corporate defendant insolvent. Then they still continue to use the license, legal license, to make profits using the entities under the license of the corporate defendant to make profits until 2019. All right. Let me—well, I mean, we've gone way over unless either of my colleagues has any other questions. Let's hear back from you on rebuttal. You've reserved three minutes. And now we'll hear from Ms. Moe on behalf of the defendants—or the appellees, I should say. Okay. You may proceed, Ms. Moe. Thank you. Good afternoon. May it please the Court. My name is Elizabeth Lynn Moe, and I represent appellees in this matter. Your Honors, the district court did not abuse its discretion by sanctioning Mr. Yan personally under self-serve for his egregious conduct that triggered a new jury trial. The district court also did not abuse its discretion by refusing to address appellants' new legal theories to preclude sanctions because they were not timely raised. I thought that you conceded the timeliness of the appeal anyway in your brief, correct? Yes. Okay. So you just want us to get to the merits of the appeal. Yes. Yes. Your Honors, as Your Honors mentioned in the last oral argument involving this matter, the district court did not abuse its discretion in ordering a new trial. That new trial was solely triggered by Mr. Yan's egregious conduct. There was evidence that was not admitted that somehow got to the hands of the jury, and the jury considered it. Here, the district court specifically applied self-serve's bad faith exception to sanctions. The district court was explicit that it did not apply Section 1927 that required bad faith. Now, this is a case where we want the district court to be able to invoke its inherent power to police the conduct of attorneys as officers of the court, to sanction these attorneys for conduct that was not inherent to client representation, such as Mr. Yan's egregious conduct, a clear violation of a court order. This was not a mistake. This was a clear violation of a court order. He did so, and it interfered with the court's ability to do public business, and it caused a jury trial. Defendants had to pay for two trials. Even the egregiousness conduct wasn't even so much deposition transfers. The district court said specifically they were curating, they were specific to disputed issues at trial, particularly whether Mr. Yan was an employer under the FLSA. There was highlighting, there was a hearing about it, and the district court rightly ruled that sanctions were applicable here under self-serve. Now, I'd like to address the question that was mentioned earlier in the court's last oral argument that I think is very important here, and that is the attorney's fees here are not the same way that the appellants receive attorney's fees for prevailing on their claims in Trial 1. Here we have a situation where Mr. Yan personally was sanctioned, and the attorney's fees are compensatory in nature. They are compensating the defendant's attorney's fees and costs. And in particular, the district court even mentioned that it must be appropriately calibrated. And if we look at the district court's ruling order. What about Mr. Yan's argument that the district court didn't take his financial circumstances into account? In setting the amount of the fees, should the district court have considered his financial circumstances? Respectfully, Your Honor, no. In Mr. Yan's argument of considering the financial circumstances, those cases were cited for financial circumstances for plaintiffs, not Mr. Yan himself. Here, the actual attorney's fees that were awarded were specifically calibrated to the actual issue, the actual work that would not have occurred but for Mr. Yan's egregious conduct. Well, the argument is that an award of this size has a severe financial impact on Mr. Yan in light of his circumstances. And should the district court at least have considered that impact? What his financial circumstances were? Your Honor, his financial circumstances should not be in consideration as it was in Seltzer and its recent applications in the district court. Specifically, most recently, in another FLSAK case, Falbo Zhang versus Falbo Zhang. In that case, the plaintiff's attorneys violated court orders. They filed specific objections on behalf of plaintiffs they did not represent. The court awarded the defendant's attorney's fees for work that wasn't done. And the analysis there was very similar here where it was specifically calibrated with no regard to financial circumstances of the particular attorneys themselves. I think it's also very noteworthy that here we want to make sure that the district courts have the ability to police the conduct of the attorneys in their courtroom. This was egregious. Your Honor has even noted that. It cost a whole entire jury trial. This was not just an inconvenience of 12 hours or 5 hours. It was an entire trial that cost not only the judicial resources but post-trial motions and costs. In particular, it's very important to note that Judge Schofield even further reduced the attorney's fees. This is the line for 1.2 hours for reviewing and correcting the judgment. And she stated in her order that it was further reduced because it was work, quote, that would have been done whether or not trial 2 occurred. So the entire award of approximately $67,000 was appropriately calibrated. And that small reduction speaks volumes to the very appropriateness of the monetary award to defendants that is compensatory in nature. And so to answer the question, the attorney's fees here in the form of sanctions are not excessive. I'd also like to mention that Mr. Yan, an appellant, also mentioned that requiring CLE to be a more appropriate sort of sanction. However, this is not an attorney competency issue. This was a violation of court orders. Respectfully, no CLE will address the judicial waste and the triggering of the retrial that defendants had to pay for. I'd also like to mention that the district court did not abuse its discretion by refusing to consider appellants' new legal theory under the umbrella of unclean hands after the magistrate's report was issued. Here, appellants continuously contended that defendants and their counsel engaged in, quote, a fraudulent transfer of assets. However, they admitted themselves that this was not in wanting to bar defendants' attorney's fees that the sanctions were, but it was that they, plaintiffs, would actually have to incur additional fees because of this so-called fraudulent transfer of assets. The timeline in the district court of the orders that were issued and appellant's silence speaks volumes. This also should be noteworthy because if we allow this legal theory to be reconsidered to bar the defendant from having to pay for a second trial, one, it would not hold Mr. Yan accountable for his egregious conduct, and two, it would cause a windfall of new legal theories being espoused after a report and recommendation is issued and undermining a magistrate's authority, further leading to judicial waste. So therefore, even if it were entertained, it would not be Mr. Yan's egregious misconduct or preclude the sanctions. It would also require that the actual factual issues here are not to be non-appealed here. They should not be reconsidered. And the constant rehashing of it is irrelevant. I'd like to respond to certain arguments that Mr. Yan raised, particularly when we're set to appellee's insolvency or financial interests or any sort of fraud upon the court. Simply put, they're all irrelevant. They're all irrelevant here. We're here because Mr. Yan was sanctioned under Seltzer. He violated a court order. He caused his actions to trigger a new trial that wasted the time of the district court and of the defendants that incurred significant legal attorney's fees and costs. Anything else you wanted to cover, Ms. Moe? No, Your Honor. I just say that the district court did not abuse its discretion in sanctioning Mr. Yan's egregious misconduct and awarding the defendants appellees attorney's fees for the new trial. Therefore, the corrective judgment must be applied. Thank you. Thank you. All right, Mr. Yan, you have three minutes of rebuttal.  The court is irrelevant. And attorney's knowledge, sponsorship of his clients, no disclosure, misrepresentation, crudely contributed to the law on the court. And they knew that. And Mr. Moe spent about six and a half hours to prepare defense witness for the second trial. And the second witness only testified about 30 minutes. And Ms. Moe here spent about 5.3 hours with Sherry Sun and converted them to jail time. And Sherry Sun had the financial stakes in the defendant's business and spent about 3.8 hours with another witness preventing. They knew Mr. Moe has extensive experience in business law when he worked for DA's office. Ms. Moe has also claimed that she has extensive experience to investigate business law. Therefore, when they spent a substantial amount of time with these other witnesses, they should have discovered Sherry Sun willed them to jail time. Sherry Sun has the financial interest in our part of the case. And if they disclosed this to the court and the plaintiff, plaintiff could argue that does not mean jury would consider witness not credible. But jury would have the opportunity to assess whether or not the testimony is credible in order to find out whether or not the individual defendant is plaintiff in court. In this sense, plaintiff would have the opportunity to find out. Ms. Jiang, am I right in understanding that this is your argument on appeal? They're on clean hands. They're fraud on the court. You are no longer challenging the question of the need to find a bad faith. You're not – you didn't argue that in your – in your brother? But you're no longer arguing an error in that regard, or am I mistaken? I understand you argued it in your first appeal, but you seem to have abandoned it now on this appeal. And I just want to be sure I understand that correctly. There's no argument on that. The only point is the unclean hands point. Is that right? Just tell me, are you arguing the failure to find bad faith? Yes. Where? Where in the brief is that? But that doesn't count. The first appeal is concluded. Where is it raised in this appeal? You're now appealing from a new judgment. What's – where's the – where is that raised? All right, but you think we can consider it because it was raised in the first brief. Okay. We represent – in this case, we did not make an appease. All we spent about almost $10,000 in the courts to look at this case. A lot of expenses was forced by defendants to go to the investigations, to go to the – and discoveries. Did you make that argument below that your own financial circumstances should have resulted in a reduced amount? Yes. Where did you make that argument? In my objection to the – in the brief to – in my objection to the – mentioned J.H. King's report of recommendations and also in my brief at a time to the opposition to the defendants. Did you provide any information as to your financial circumstances to the district court? Because we are the sole protection. No. Did you provide your financial circumstances to the district court to show that the award would have a substantial impact? I did not provide the financial – I did not provide the bank statement. And because we did not really have a lot of fees, especially several children who could never collect, we only spent money. We are a small practice. We don't really have much money to pay. Right. But to the extent you're saying that this would be a financial hardship, did you provide your income tax return or anything that said whether you – what your assets were or your ability to pay this kind of a fine? At the time, I did not. And also, due to the pandemic, we did not have really – have any financial income. It's very limited. We – so most of that was done because – Right. But you're telling that to us. You didn't tell it to the district court. At the time, we made arguments. And what I saw is we were – we spent a lot of these kinds of cost expenses in order to have income to really pay these. And the reason that that's the – there was a throw on the pandemic and the court because the – if you like this information, it's – this case is – Wait a minute. It's a simple question. You didn't provide information to the district court about your financial hardship. You didn't provide any supporting affidavits or documents. Is that correct? Okay. So that was the question. And then you also – you got a judgment in this case. So the attorney's fees as part of the judgment were $89,000, right? What do you mean? That's a plaintiff's judgment. Yeah, the plaintiff's judgment included attorney's fees under the Fair Labor Standards Act fee shifting in the neighborhood of $89,000, I thought. Is that not true? That's just the – That's the judgment. That's true. That's a piece. The empty judgment. We can never – we don't know where to drag it. It was against the corporate convention. We do not – at the time, why we – where it's so hard to make the rule 50B motion in order to end the judgment against corporate defendants. At least at the time before the judgment was ever considered by the court, I just want to get the plaintiff to get a judgment against corporate defendants. So that at least the plaintiff, once they get a judgment, can clear some fees. However, defense counsel made a fierce opposition to the plaintiff's motion to end the judgment against corporate defendants when the corporate defendant was solemn. So that at this moment, even if the court tried to avoid the cutting fees because it's shifting to us, we could have never – no, no. Maybe 10 years later or 20 years later, we can see some kind of payments. But at this moment, I do not really see if we can see any real correction from the judgment. Okay. Let me just pause there because we're well over your time. But if my colleagues have questions, certainly we'll continue. Either of you? No? Judge Radjou, any further questions? Nothing. Thank you. So we'll reserve. We have your papers, and we certainly got more argument than was originally allotted, which was helpful. So with that, we will adjourn court. Before I do, let me thank our courtroom deputy and the court officer as well and everybody who makes it possible for us to conduct these proceedings in person. And when we have to do it by Zoom, by Zoom. It takes a lot of people, and we're grateful for their efforts. Okay. Thank you both. Have a good day.